UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXXAM PARTNERS, LLC, a Delaware limited liability company, and GLENWOOD ACADEMY, an Illinois not-four-profit corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| COUNTY OF KANE, KANE COUNTY ZONING BOARD OF APPEALS, and KANE COUNTY BOARD , | ) Case No 1:17-CV-05707 ) ) ) |
| Defendants, | ) ) |
| FOX RIVER & COUNTRYSIDE FIRE/RESCUE DISTRICT, an Illinois municipal corporation, | ) ) ) ) |
| Defendant – Intervenor. | ) |

## FOX RIVER & COUNTRYSIDE FIRE/RESCUE DISTRICT'S ANSWER TO COMPLAINT

**NOW COMES THE FOX RIVER & COUNTRYSIDE FIRE/RESCUE DISTRICT,** an Illinois municipal corporation, by its attorney, **KENNETH C. SHEPRO,** and for its Answer to the Complaint of Plaintiffs **MAXXAM PARTNERS, LLC**, and **GLENWOOD ACADEMY** (collectively, "Plaintiffs") state as follows :

1. ADMITTED

2. DENIED

3. Paragraph 3 states a legal conclusion to which no response is required.

4. ADMITTED

5. ADMITTED that the school is surrounded by hundreds of acres of forest preserve and has no knowledge with respect to the remaining allegations.

6. DENIED

7-9. DENIED. 8. The contract excerpted in part in Paragraph 8 speaks for itself, and no further response is required.

10. DENIED

11-15. DENIED. The transcripts of the hearings speak for themselves.

16. Admitted that Plaintiffs seek the relief described in Paragraph 16 but deny that Plaintiffs are entitled to any relief whatever.

17. Admitted that Plaintiff Maxxam Partners is a Delaware limited liability company authorized to do business in Illinois. No knowledge as to remaining allegations.

18. Admitted as to the first two sentences. No knowledge as to remaining allegations.

19-21. ADMITTED

22-23. ADMITTED that this Court has jurisdiction over the claims herein and in that venue in this judicial district is proper.

24-36. The Fire District has no knowledge of the allegations of paragraphs 24 through 36 except for incidents in which the Fire District may have responded.

37-41. No knowledge as to the activities or operations of Glenwood Academy.

42-49. No knowledge of Maxxam's intentions or the described facilities of the former school site. No knowledge as to remaining allegations of paragraphs 42 – 49.

50-55. ADMITTED

56. DENIED. There is no "ordinary" process or time frame for the County Development and zoning process.

57. ADMITTED

58. Maxxam's 2015 special use application speaks for itself.

59. Maxxam's 2015 special use application speaks for itself.

60-62. No knowledge as to the allegations of paragraphs 60 – 62.

63. DENIED

64-66. Paragraphs 64 to 66 state legal conclusions to which no response is required.

67-68. No knowledge as to paragraphs 64 to 68.

69-70. DENIED. The Fire District affirmatively states that plaintiffs repeatedly submitted unsworn testimony and refused to produce numerous experts for cross-examination in violation of the due process rights of the public and the governmental objectors.

71. Admitted that the application sought "reasonable accommodation" from Kane County but affirmatively states that Plaintiffs have never identified what law or regulation of any unit of government requires "reasonable accommodation" by the zoning authority.

72. DENIED

73. ADMITTED

74. Admitted that Maxxam hired and presented expert witnesses at the hearings. The Fire District denies that all of the "experts" were qualified to express the opinions contained in their reports and affirmatively states that several experts either failed to testify at all or delegated the testimony to unqualified subordinates.

75. DENIED. The Kane County Board did not participate in the public hearings and called no witnesses.

76-77. The transcript of Professor Waller's testimony speaks for itself.

78. ADMITTED

79. The testimony of Fire District President Robert Handley is part of the record in this case and speaks for itself. The mischaracterizations of his testimony are denied.

80. DENIED. The Fire District affirmatively states that Maxxam demanded that the Fire District sign the Agreement submitted by Maxxam on a "take it or leave it" basis.

On information and belief, Maxxam did not enter into the Agreement in good faith and never intended to honor any of the obligations it undertook in said Agreement.

81. Admitted as to matters appearing in the transcript of the hearings. Denied as to all remaining allegations and assertions.

82. DENIED.

83. The Fire District affirmatively states that the Zoning Board of Appeals repeatedly refused to consider testimony and evidence offered by residents and units of government despite their undoubted authenticity because they were not certified as would be required in a judicial proceeding. At the same time, counsel for the applicants was repeatedly permitted to give unsworn testimony and was also permitted to cross examine and harass residents. Counsel for Plaintiffs is apparently ignorant of Illinois zoning law that requires an opportunity for participants in a public hearing on a zoning application to cross examine witnesses.

84. DENIED

85-88.. The transcripts of the public hearings speak for themselves.

89. No knowledge.

90-107. Paragraphs 92 107 are essentially paraphrasing and characterizations of the public discussion by the members of the Zoning Board prior to their vote and are fully reflected in the transcripts of the hearings which speak for themselves.

108. ADMITTED

109-110. DENIED

111-112. ADMITTED

113—117. DENIED

118-121. No knowledge as to any of the allegations.

122. Admitted that the County Board voted to rescind its denial of the special use application and states that the minutes of the meeting speak for themselves.

123. DENIED

124. DENIED

125. No knowledge

126. ADMITTED except no knowledge as to whether Maxxam had agreed to any of the nine conditions.

127. DENIED. On information and belief, Maxxam offered irrelevant incentives and unenforceable conditions in order to curry favor with Kane County and to obtain approval of its special use despite its utter failure to satisfy even the most basic requirements of the Kane County Zoning Ordinance.

128-131. The transcripts of the zoning board hearings speak for themselves.

132-135. DENIED

136-139. The transcripts of the zoning board hearings speak for themselves. The paraphrasing of testimony is misleading and is therefore denied. The Fire District has no knowledge as to secret meetings between County representatives and Maxxam but affirmatively state that such meetings could not form any part of a basis for approval of a special use.

140. Admitted that the zoning board did not recommend approval of the special use and denied as to all other allegations.

141. DENIED

142. ADMITTED

143. ADMITTED as to the County board vote and denied as to all other allegations.

144. ADMITTED as to the presentation of the chart.

145. DENIED

146. DENIED.

147. DENIED that Maxxam was required to reach an agreement with the fire district and further denied that any person or entity required Maxxam at any time to pay "substantial additional fees". Further denied that no other special use applicant "in the

history of Kane County" ever paid impact fees to the Fire District. ADMITTED that Maxxam and the Fire District entered into the Agreement attached as Exhibit "C" to the Complaint but denies the mischaracterization of the Agreement and specifically denies the allegation that the Agreement has "now expired."

148. The Agreement between Maxxam and the Fire District speaks for itself. The Fire District denies the mischaracterizations by plaintiffs and denies that impact fees were "unprecedented".

149. DENIED

150. DENIED

151. DENIED as to the mischaracterizations of the Agreement which speaks for itself.

152-157. Paragraphs 152 through 157 are replete with mischaracterizations and selective quotations from public comment at the County board meeting and are therefore denied.

158-159. Admitted as to comments made by Chairman Lauzen which appear in the transcript, if any, and minutes of the meeting. Affirmatively states that the Chairman of the County Board has no vote unless the Board is equally divided.

160. Admitted as to the County Board vote and denied as to all remaining allegations.

161. DENIED as containing legal argument and no facts.

162. DENIED

163. DENIED; no knowledge as to any alleged harm, substantial or otherwise.

164-169. The Fire District has no knowledge as to any of the assertions.

170-173. DENIED

173. Admitted that the referenced paragraphs are incorporated by reference.

174-184. The Fire District had no authority to approve or deny the application for special use and accordingly can have no liability under Count I and therefore no response to said allegations is required.

185. Admitted that the referenced paragraphs are incorporated by reference.

186-196. The Fire District had no authority to approve or deny the application for special use and accordingly can have no liability under Count II and therefore no response to said allegations is required.

197. Admitted that the referenced paragraphs are incorporated by reference.

198-211. The Fire District had no authority to approve or deny the application for special use and accordingly can have no liability under Count III and therefore no response to said allegations is required.

212-232. The Fire District adopts defendant County of Kane's motion to dismiss Count IV of the Complaint. Count V of the Complaint has been withdrawn.

**WHEREFORE, Defendant – Intervenor FOX RIVER & COUNTRYSIDE FIRE/RESCUE DISTRICT** respectfully prays that this action be dismissed and that it be granted such other or further relief as shall be proper.

_____
**Kenneth C. Shepro**
Attorney & Counselor at Law
33W542 Army Trail Road
P.O. Box 760
Wayne, IL 60184-0760
(630) 377-7372
(708) 471-4630

*kcshepro@aol.com*

ARDC No. 2580349

Attorney for Defendant-Intervenor